## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## (NORTHERN DIVISION)

| | | |
|---|---|---|
| MICHAEL'S FABRICS, LLC | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Case No.: 1:24-cv-01585-JRR |
| | * | |
| DONEGAL MUTUAL INSURANCE COMPANY | * | |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

### PLAINTIFF MICHAEL'S FABRICS, LLC'S MOTION FOR PROTECTIVE ORDER PURSUANT TO FEDERAL RULE 26 TO DONEGAL MUTUAL INSURANCE COMPANY'S SUBPOENAS TO VERIZON AND GOOGLE, LLC OR, IN THE ALTERNATIVE, MOTION TO QUASH PURSUANT TO FEDERAL RULE 45

Plaintiff, Michael's Fabrics, LLC ("Michael's" or "Plaintiff"), by and through its undersigned counsel, Robert B. Schulman, Esquire, Leslie D. Hershfield, Esquire and Schulman, Hershfield & Gilden, P.A. files this Motion for Protective Order pursuant to Federal Rule 26 as to Defendant Donegal Mutual Insurance Company's ("Donegal" or "Defendant") Subpoenas to Verizon and Google, LLC, or, in the alternative, Motion to Quash pursuant to Federal Rule 45, and for cause states:

### I.      COMPLIANCE WITH LOCAL RULE 104.7

On Wednesday, June 19, 2024, counsel for the Plaintiff, Robert B. Schulman and Leslie D. Hershfield, and counsel for the Defendant, William C. Parler, participated in a twenty-four (24) minute telephonic conference concerning the subpoenas issued by Defendant to Google and Verizon. Defendant has served two subpoenas on Verizon with each to subpoena to Verizon requesting the same documents. During the LR 104.7 conference, the parties appeared to make substantial progress in resolving their disputes. After the conference, counsel for Plaintiff transmitted correspondence to counsel for Defendant confirming the Parties' progress. However,

when Plaintiff requested that Defendant confirm the progress, Defendant failed to respond to Plaintiff's request. (**Exhibit 1**, correspondence of June 19, 2024, from Leslie Hershfield to William Parler). Thereafter, on June 24, 2024, additional correspondence was sent to Mr. Parler requesting that he confirm the Parties' progress. (**Exhibit 1**, correspondence of June 24, 2024). Thereafter, Mr. Parler responded on June 26, 2024, and did not confirm the Parties' progress. (**Exhibit 1**, correspondence of June 26, 2024). Finally, on Friday, June 28, 2024, counsel for Plaintiff attempted, yet again, to focus Mr. Parler on the prior agreement to limit the scope of the subpoenas to both Verizon and Google. (**Exhibit 1**, correspondence of June 28, 2024). Mr. Parler has not responded to the June 28, 2024, correspondence. Plaintiff's counsel has made multiple good faith efforts to resolve a discovery including a LR 104.7 telephone conference and correspondence over the past seventeen (17) days.

## II.    BACKGROUND

Michael's operates a business that buys and sells high-end fabrics (the "Business") located at 6324 Falls Road, Baltimore, Maryland 21209 (the "Property") and was insured by Defendant on January 21, 2023. ECF No. 3-1 at p. 1. The insurance policy ("Policy") Defendant issued to Michael's, provided insurance coverage for Michael's property and business income, including, but not limited to, the **replacement value** of any property, including inventory (and any fabric) of Michael's. *Id.* On or about January 21, 2023, water damage occurred at the Property resulting in loss and damage to the Property and damage to the inventory of Michael's, including but not limited to, damage to high end fabrics that were on the premises of Michael's (the "Loss"). ECF No. 3 at pp. 2-3.

Rather than properly adjust the claim, Defendant has intentionally, maliciously and wrongfully denied the claim by Michael's for replacement value of the inventory. ECF No. 3 at

pp. 3-4. Initially, Defendant alleged the patently false allegation that Michael's intentionally caused the water damage at the Property. There is no evidence whatsoever that the damage incurred by Michael's was intentional or the fault of Michael's. Despite the lack of any evidence supporting their quixotic theories, Defendant intentionally and in bad faith alleged that Michael's either intentionally caused the damage to its own inventory or that Michael's otherwise participated in a scheme to defraud Defendant.

Michael's, in a good faith attempt to have this matter properly adjusted, promptly moved the damaged fabric to a warehouse. The damaged fabric still sits there today as of the date of this filing. ECF No. 3 at p. 4. Indeed, Defendant has inspected the damaged fabric and Defendant has confirmed and verified the listing of the inventory of the damaged bolts of fabric. *Id.* Michael's retained an expert in the field of fabric valuation, who prepared a report on the replacement value of the damaged fabric. Although this report has been examined and reviewed by Defendant, Defendant continues to deny Michael's claim. *Id.* Defendant has never disclosed to Michael's that it has retained an expert to evaluate or analyze the replacement value of the inventory of Michael's, namely the fabric of Michael's. ECF No. 3 at pp. 4-5. Instead, Defendant, in bad faith, has denied Michael's claim with absolutely no support for their denial.

### III.    DEFENDANT'S BAD FAITH INVESTIGATION OF MICHAEL'S

On May 9, 2023, counsel for Defendant wrote to Michael's. Rather than discuss the value of the damaged fabric or schedule a review of the damaged fabric, Defendant, through counsel, requested fifty-nine (59) different categories of documents from both Lee Jon Miller, the owner and operator of Michael's, and Michael's, many of which have no rational relationship to any aspect of the Loss. Specifically, Defendant requested:

(1)    All Lease Agreements in effect for 2018 through 2023 for 6324 Falls Road, Baltimore, Maryland, and any other properties owned by Michaels Fabrics LLC.

(2)    All photographs taken by you of the premises at 6324 Falls Road, Baltimore, Maryland from 2020 to the present.

(3)    All maintenance, repair, or renovation records related 6324 Falls Road, Baltimore, Maryland from 2020 to the present.

(4)    Copies of all estimates, invoices, and bills related to repairs, maintenance, debris removal or hauling from 6324 Falls Road, Baltimore, Maryland from 2020 to 2023.

(5)    A list of all employees, contractors, officers, shareholders, and/or managing members in Michaels Fabrics LLC from 01/01/2020 to the present.

(6)    All property management, cleaning or landscaping agreements entered into by Michaels Fabrics LLC for management of 6324 Falls Road, Baltimore, Maryland from 01/01/2020 to the present.

(7)    Copies of all accounting or bookkeeping records for Michaels Fabrics LLC from 01/01/2020 to the present.

(8)    A list of names, addresses, and phone numbers of all officers, shareholders, managing members, or employees of Michaels Fabrics LLC for 01/01/020 to the present.

(9)    Copies of all unredacted Lease Agreements containing the names, addresses, and phone numbers of the tenants at 6324 Falls Road, Baltimore, Maryland 21202 from 2020 to the present.

(10)    A copy of any Rental Application submitted by you for 6324 Falls Road, Baltimore, Maryland 21202 from 2018 to the present. Copies of all correspondence, including emails, and text messages sent to, or received from, any tenants from 2018 to the present.

(11)    Copies of all utility, gas, or water bills for the premises at 6324 Falls Road, Baltimore, Maryland 21202, from 11/01/19 to the present. State whether utility, gas and water bills were to be paid by you, or the owner under the Lease Agreement. This request includes, but is not limited to, any documents related to services provided to the premises 6324 Falls Road, Baltimore, Maryland 21202 by Baltimore Gas & Electric, The Finance Director of Baltimore City, or any other individual or entity.

(12)    Copies of all cable, WIFI, satellite or other bills for 6324 Falls Road, Baltimore, Maryland 21202 from November 01, 2019, to the present. State whether bills for these services were to be paid by you or the tenants under the Lease Agreement.

(13)    Copies of all documents in your possession related to any tenancy at 6324 Falls Road, Baltimore, Maryland 21202, including correspondence, e-mails, letters, LL-Tenant Court filings, or eviction proceedings, from 2018 to the present.
Copies of all Baltimore City licenses, inspection notices, violation notices, or forms, or any other documents you have received from any Baltimore City or State agency related to your rental of 6324 Falls Road, Baltimore, Maryland 21202.

(14)    Copies of all monthly bank statements for any bank accounts used by Michaels Fabrics LLC from January 01, 2019, to the present.

(15)    Copies of any documents related to any HVAC or Plumbing companies hired by Michaels Fabrics LLC to perform repairs or maintenance of 6324 Falls Road, Baltimore, Maryland 21202 from 2018 to the present.

(16)    Copies of all driver's licenses, photo identification cards, voter registration cards, vehicle registrations, health insurance, or any other photographic identification for your employees from 2018 to the present.

**(17)    All cellphone bills for you personally or your business showing your cellphone number, the service provider, and amounts owed from January 1, 2019, to the**

4

**present.**

(18)   Copies of your personal and Michaels Fabrics LLC's 2020, 2021 and 2022 state and federal tax returns. This should include W-2s, or 1099 forms that you received during the course of those tax years. The returns should include all schedules filed with the returns, including but not limited to all K-1s.

(19)   Copies of all personal or business monthly bank statements from January 1, 2019, to the present, for Michaels Fabrics LLC.

(20)   Copies of all monthly statements for credit cards, equity lines of credit, payment books or other documents related in any way personal or business accounts held by you.

(21)   Provide the names, addresses, and phone numbers of any contractors or security companies that have performed work at 6324 Falls Road, Baltimore, Maryland 21202 after Michaels Fabrics LLC became the owner.

(22)   Copies of all documents related in any way to the January 21, 2023, water damage claim submitted to Donegal, including, but not limited to, any police reports, Sheriff's reports, Dept of Public Works or any other reports prepared as a result of the water damage at 6324 Falls Road, Baltimore, Maryland 21202.

(23)   Copies of all documents related to any items damaged by the water damage of January 21, 2023, including but not limited to, the property item, its age, the purchase price, your claimed replacement cost, and any documents supporting your claimed ownership, purchase price, or present fair market value of the item.

(24)   Copies of all documents related to any invoice, bill, or estimate to repair any damage to the premises at 6324 Falls Road, Baltimore, Maryland 21202 as a result of the water damage.

(25)   If you intend to submit a claim for loss of business income, produce all documents supporting your claim, including, but not limited to, bank statements, QuickBooks entries or other bookkeeping software entries, or financial statements from 2018 to the present.

(26)   Copies of all police or fire department reports for any insurance claims or losses you have claimed from 2020 to the present.

(27)   All documents related to employment of Lee Jon Miller from January 1, 2016, to the present, including any paystubs, W-2s, 1099 forms, or any other documents showing Lee Jon Miller's places of employment, or offices, or other location where Lee Jon Miller was physically required to report as part of his employment.

(28)   Copies of all documents related to any mortgage companies, banks, or other lien holders to whom monthly payments have been made for 6324 Falls Road, Baltimore, Maryland 21202 from January 1, 2020, to the present.

(29)   Copies of all documents related to any insurance coverage of any kind you have had related in any way to your business operations or you personally from 2018 to the present.

(30)   List of the names, and phone numbers of the persons who have lived, leased or stayed at 6324 Falls Road, Baltimore, Maryland 21202 from January 1, 2018, to the present.

(31)   Copies of all Lease Agreements entered into by Michaels Fabrics LLC for 6324 Falls Road, Baltimore, Maryland 21202.

(32)   Copies of any documents related to any other names, trade names, business names or entities Michaels Fabrics LLC has ever operated under, including, but not limited to, any articles of incorporation, or partnership agreements, or registered trade names.

(33)   Copies of any documents related to any other insurance claims submitted by Michaels Fabrics LLC under homeowner's, auto, dwelling, or business insurance policies to

any insurance company that had issued you a policy of insurance, from January 1, 2018, to the present.

(34)    Copies of any documents related to any Chapter 7, Chapter 11, or Chapter 13 Bankruptcy Court filings that you or any business in which you held any interest, has filed from January 10, 2010, to the present.

(35)    Copies of any court orders or violation notices issued for your business operations at 6324 Falls Road, Baltimore, Maryland from 2018 to the present.

(36)    Copies of any appraisals performed at the premises at 6324 Falls Road, Baltimore, Maryland during the tenancy of Michaels Fabrics LLC

(37)    Lists of the names, addresses, and phone numbers of all employees of Michaels Fabrics LLC from 2018 to the present.

(38)    All documents related to the water loss of 01/21/23, including, but not limited to any plumbing repair bills or invoices.

(39)    Produce three years of state and federal tax returns from 2020 through 2022 for Michael's Fabrics LLC, including copies of all K-1s, and with copies of all schedules attached.

(40)    Produce all copies of fabric purchase invoices for the past three years.

(41)    Produce copies of all daily and monthly sales data for the past thirty-six months, including but not limited to all data related to the number of customers, the volume of sales, receipts or computer records of sales, and any other documents related to daily and monthly sales.

(42)    All photographs related to the 01/21/23 water loss.

(43)    Lists of employees for the past two years.

(44)    Copies of Lee Jon Miller's Purchase Agreement with regard to his interest in Michaels Fabrics LLC.

(45)    Copies of all surveillance videos for the premises at 6324 Falls Road for 01/20/23 to 01/23/23.

(46)    Copies of all Michaels Fabric LLC monthly bank statements for the past thirty-six months.

(47)    Copies of all statements taken or reports prepared as a result of the 01/21/23.water loss.

(48)    Copies of all Lease Agreements for the past five years for the premises at 6324 Falls Road.

(49)    Copies of all employee statements regarding the 01/21/23 water loss.

(50)    All documents related to fabric or other product inventory held by Michaels Fabrics LLC for twelve months prior to the 01/21/23 water loss.

(51)    Copies of all e-mails, texts, letters or other documents related to orders to purchase fabrics from suppliers for 24 months prior to the 01/21/23 water loss.

(52)    Copies of all documents related to fabric purchases for the past thirty six months, including any travel expenses related to those purchases.

(53)    List of all suppliers of fabric products including contact information, and the individual contact information, for all suppliers of fabric products to Michaels Fabrics LLC over the past 36 months.

(54)    List of all documents related to lines of credit, or credit card purchases of Fabric products made by Michael's Fabrics LLC over the past 36 months.

(55)    Copies of your contract or retainer agreement with Goodman, Gable & Gould.

(56)    Copies of all contracts or agreements you entered into with regard to the 01/21 /23 water loss.

(57)    Copies of all HVAC repair invoices for any HVAC work performed in January of 2023 at the 6324 Falls Road premises.

(58)    Provide all records or documents or photographs explaining how any sinks overflowed in the kitchen or restroom at 6324 Falls Road between 01/20/23 and 01/23/23.

ECF No. 3 at pp. 5-8.

## IV.    MICHAEL'S FULLY COOPERATED AND PRODUCED VERIZON RECORDS

Michael's fully cooperated with Defendant and produced the requested records, including, specifically, **Request Number 18**, which requested:

> **All cellphone bills for you personally or your business showing your cellphone number, the service provider, and amounts owed from January 1, 2019, to the present.**

Despite the questionable relevance of the request concerning the cellphone bills, which include all calls and text messages of Lee Jonathon Miller on October 27, 2023, **Michael's produced all Verizon phone records for the period of December 5, 2022, to August 4, 2023.** (Exhibit 2, Verizon records produced to Defendant, October 27, 2023).

Not satisfied and continuing their bad faith investigation and denial, Defendant now seeks from Verizon: "A complete copy of any and all records of all calls and texts from the cell phone of Lee Jonathon Miller,[1] DOB 01/06/78, from January 1, 2023 to the present, to and from his cell phone (410) 458-4565." (**Exhibit 2**, Subpoena to Verizon). Accordingly, Defendant now seeks an additional an additional eleven (11) months of phone records, from August 4, 2023 to June 6, 2024.[2]

---

[1]    Lee John Miller ("Mr. Miller") is the owner and operator of Michael's Fabrics, LLC.

[2]    Plaintiff received notice from Defendant via electronic mail that they intended to serve Verizon. To date, Defendant has not provided Plaintiff with a notice of service upon Verizon and Defendant has not filed with this Court a notice of service.

## V.    MICHAEL'S FULLY COOPERATED AND PRODUCED RELEVANT GOOGLE EMAILS

Michael's further fully cooperated with Defendant's request for emails and text messages from Mr. Miller's email address of *leemiller1978@gmail.com*. To date, Michael's has produced all emails between fabric vendors Gammatex, Berenstein and Tip Top and Michael's corporate email account as well as the personal account of Mr. Miller for the time period of January 2022 to October 24, 2023, as requested by counsel for Defendant. (Exhibit 3, correspondence from William C. Parler to Robert B. Schulman, Sept. 12, 2023 and Oct. 11, 2023; *see also* Exhibit 4, responsive correspondence from Robert B. Schulman to William Parler, Sept. 28, 2023 and Oct. 26, 2023). Further, Michael's has produced all text messages between Mr. Miller and Gammatex, Berenstein and Tip Top for the period of December 1, 2021, to September 16, 2022. Now, Defendant seeks "all emails sent or received from or to leemiller1978@gmail.com from January 1, 2023 to the present." (**Exhibit 4**, Subpoena to Google). This request is overly broad, unduly burdensome and a clear violation of the Federal Rules of Civil Procedure as there is no attempt to limit this request to emails relevant to the claim. Instead, Defendant has requested emails to and from Mr. Miller to his attorney, to business associates that could contain information about business trade secrets, personal emails with his wife, family and friends, as well as other emails that are entirely irrelevant to this claim concerning water damage to the premises and property of Michael's Fabrics in January 2023.

## VI.    FEDERAL RULES OF CIVIL PROCEDURE 45 AND 26

Federal Rule of Civil Procedure ("Rule") 45(d)(3) governs the quashing or modifying of subpoenas. The Court must quash or modify a subpoena that "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv).

Under Rule 26(b), "parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Under Rule 26(b), it is "relevance not admissibility" that drives the inquiry as to whether information is discoverable. *Herchenroeder v. John Hopkins Univ. Applied Physics Lab.*, 171 F.R.D. 179, 181 (D. Md. 1997) (emphasis in original). However, if information would be inadmissible at trial, the proponent must establish that discovery of the information is reasonably calculated to lead to admissible evidence. *Equal Rights Center, et al. v. Archstone-Smith Trust, et al.*, 251 F.R.D. 168, 170 (D. Md. 2008). But, as the Fourth Circuit has recognized "[e]ven assuming that [] information is relevant (in the broadest sense), the simple fact that requested information is discoverable under Rule 26(a) does not mean that discovery must be had." *Nicholas v. Wyndham Int'l, Inc.* 373 F.3d 537, 543 (4th Cir. 2004).

Moreover, under Rule 26(c), the Court may issue a protective order "for good cause . . .to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." In order to obtain a protective order, the moving party must demonstrate "that the discovery sought lacks relevance to the extent that the likelihood and severity of the harm or injury caused. . . outweighs any need for the information." *Baron Fin. Corp. v. Natanzon*, 240 F.R.D. 200, 202 (D. Md. 2006). Indeed, "even very slight inconvenience may be unreasonable if there is no occasion for the inquiry and it cannot benefit the party making it." Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2036. Finally, "Rule 26(c) confers broad discretion on the trial Court to decide when a protective order is appropriate and what degree of protection is

required." *Baron*, 240 F.R.D. at 202, <u>*see also* Wright, [*6] Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2036</u> ("The rules. . . permit the broadest scope of discovery and leave it to the enlightened discretion of the district court to decide what restrictions may be necessary in a particular case."). *See also*, *Sharp v. Balt. City Police Dep't*, 2013 U.S. Dist. LEXIS 58111, *3-6 (D. Md. Mar. 1, 2013).

Whether something is "discoverable" is discernable by two major principles set forth in the federal rules: 1) "relevancy" to the claims or defenses; and, 2) "proportionality to the needs of the case." The scope of discovery is set forth in Fed. R. Civ. P. 26(b). *Cook v. Howard*, 484 Fed. Appx. 805, 2012 WL 3634451, at *6 (4th Cir. 2012). Here, Rule 26(b) grounds the inquiries of the scope of discovery to the "claims" asserted in the Complaint. Pursuant to the Federal Rules, this Court must quash or modify a subpoena if it "(iii) requires the disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). A subpoena imposes an "undue burden" when it is not limited to the claims and defenses asserted and is therefore over broad. *In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606, 612 (E.D. Va. 2008). Additionally, the sought-after discovery must satisfy the proportionality concerns of Rule 26(b) as to whether the burdens of the proposed discovery outweigh its likely benefit. Fed. R. Civ. P. 26(c) affirmatively authorizes the issuance of a protective order to shield others from "annoyance, embarrassment, oppression, or undue burden or expense upon a showing of good cause." It is the moving party that must demonstrate "good cause" by way of specific facts for the issuance of a protective order. *Flanagan v. Wyndham International Inc.*, 231 F.R.D 98, 102 (D.D.C. 2005).

Defendant has purposefully ignored well-settled Fourth Circuit law. *Bunce v. Prince George's Cty.*, 2020 U.S. Dist. LEXIS 49178, *10-11 (Mar. 23, 2020), Specifically, "a party or

attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c)(1). A court must quash or modify a subpoena that subjects a person to an undue burden. Fed. R. Civ. P. 45(c)(3)(A)(iv). When a non-party claims that a subpoena is burdensome and oppressive, the non-party must support its claim by showing how production would be burdensome. *Vaughan Furniture Co. v. Featureline Mfg., Inc.*, 156 F.R.D. 123, 125 (M.D.N.C.1994). A subpoena imposes an undue burden on a party when a subpoena is overbroad. *Theofel v. Farley-Jones*, 359 F.3d 1066, 1071-72 (9th Cir. 2004). *In Re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606, 612 (E.D. Va 2008). Accordingly, the fact that the subpoenas to Verizon and Google are over broad equates to creating an undue burden on Michael's.

## VII.    THE INFORMATION REQUESTED FROM VERIZON AND GOOGLE IS OVERLY BROAD AND NOT PRPORTIONAL

Initially, the requested cellular phone records from January 2023, to the present, are overly broad and not proportional to the claims at issue.[3]  As noted above, the Federal Rules of Civil Procedure govern the scope of discovery and "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Accordingly, it is "relevance and not admissibility" that determines whether a matter is discoverable. *Herchenroeder v. John Hopkins Univ. Applied Physics Lab.*, 171 F.R.D. 179, 181 (D. Md. 1997). ""Relevance is not, on its own, a high bar." *Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 188 (4th Cir. 2019). "Information sought need only 'appear[ ] [to be] reasonably calculated to lead to the discovery of admissible evidence' to pass muster." *CX Reinsurance Co. Ltd. v. City Homes, Inc.*, Civ. No. JKB-17-1476, 2018 U.S.

---

[3]    Although Defendant requested records from January 1, 2023 "to the present," Defendant has already received cellular phone records from December 5, 2022 to August 4, 2023.

Dist. LEXIS 178989, 2018 WL 5080944, at *2 (D. Md. Oct. 18, 2018) (quoting *Innovative Therapies, Inc. v. Meents*, 302 F.R.D. 364, 377 (D. Md. 2014)). However, "the simple fact that requested information is discoverable under Rule 26(a) does not mean that discovery must be had." *Nicholas v. Wyndham Int'l Inc.*, 373 F.3d 537, 543 (4th Cir. 2004). What is discoverable is limited by the requirement of "[p]roportionality[,] [which] requires courts to consider, among other things, 'whether the burden or expense of the proposed discovery outweighs its likely benefit.'" *Jordan*, 921 F.3d 180, 188-89 (citing Fed. R. Civ. P. 26(b)(1)).

## VIII.    VERIZON RECORDS

Defendant has clearly lost its focus and is now simply seeking to annoy and harass Plaintiff, as well as Plaintiff's owner and operator, and to increase its own attorney fees. The instant case is a claim for the replacement value of fabric damaged in a flood on or about **January 21, 2023**. Defendant already has in its possession phone records from December 2022 to August 2023. Accordingly, there are no cellular phone records for the period of August 2023 to June 2024 that can be reasonably calculated to lead to the discovery of admissible evidence as the flood occurred seventeen (17) months after some of the requested cellular phone record dates. As such, the information requested is not relevant to the case. Defendant cannot demonstrate the relevance of cell phone records months, let alone one year, after the incident. This is a fact-limited case, really involving a flood on one day in January 2023 and the cost of the fabric damaged in January 2023. Instead of limited discovery focusing on the value of the damaged fabric, Defendant is habitually engaged in an attempt to uncover "dirt" on Plaintiff as well as Plaintiff's owner and operator, rather than truly to investigate the facts relevant to the January 2023 flood. Thus, Defendant cannot set forth reasons as to why, despite the lack of any apparent relevance to the claims and potential harm associated with the subpoenas, discovery should still be

12

had. *See, Desrosiers v. MAG Indus. Automation Sys., LLC,* 675 F. Supp. 2d 598, 601 (D. Md. 2009) (stating that "when challenged, threshold or apparent relevance must be established").

## IX.    GOOGLE EMAILS

The Google subpoena does not attempt to limit the time frame or the recipients or senders of emails to the email account leemiller1978@gmail.com.   Thus, Defendant has intentionally requested emails to and from Mr. Miller's attorneys, his family and friends, his other business partners, his physicians, as well as other information that is private, confidential and, importantly, not only irrelevant to the claims asserted but will also not lead to the discovery of admissible evidence. Defendant, knowingly and sadly, following their *modus operandi*, makes absolutely **no** attempt to tailor their discovery to the claims or defenses of this case. Defendant provides no hint of a limit to the request or why Defendant is entitled to emails generated months after the damage occurred. Simply, to require Verizon and Google to produce records that contain such irrelevant and private information is of no use in determining the claims or defenses in this action. No attempt was made by Defendant to narrow the requests. Further, to compel Michael's to review every email sent or received for months, is unduly burdensome and creates an undue burden on Michael's.

Indeed, the Ninth Circuit has specifically found that a request for all copies of emails sent or received by anyone without limitation as to the time or scope is over broad and poses an undue burden. *Theofel v. Farley-Jones,* 359 F. 3d 1066, 1071 (9th Cir. 2004); *see also, Sirpal v. Fengrog Wang,* Civ. No. WDQ-12-0365, 2012 U.S. Dist LEXIS 97145 (D. Md. July 12, 2012). As this Court found in *Bunce,* 2010 U.S. Dist. LEXIS 49178, *12: "It is one thing [to] buy a suit "off the rack" and ask the Court to tailor it and fit the customer. It is quite another to ask the Court to take the measurements, cut the fabric and then make the suit to fit the customer." This Court must quash the Defendant's subpoenas to Verizon and Google in their entirety and sanction Defendant for the

13

laissez faire attempt at overbroad, privileged and protected discovery, in violation of the spirit and letter of the Federal Rules of Civil Procedure.

## X.    CONCLUSION

Defendant Donegal has gone on the quintessential fishing expedition, throwing the widest net possible, in the hopes of catching anything. Defendant's misguided attempt to harass and annoy Plaintiff as well as Plaintiff's owner and operator, by requesting documents that are entirely irrelevant and will not lead the discovery of admissible evidence must not be condoned by this Court. Defendant already has all the Verizon phone records from December 2022, the month before the date of the occurrence, to August 2023, seven (7) months after the occurrence. As such, Defendant's quest to abuse the discovery process should not permitted.

WHEREFORE, Plaintiff, Michael's Fabrics, LLC, respectfully requests that:

A.    Pursuant to Federal Rule 26, a Protective Order be entered such that Non-Parties Verizon and Google, LLC. are not required to produce any of the documents objected to above in response to Defendant's Non-Party Subpoenas dated June 6, 2024;

B.    Defendant's Rule 45 Non-Party Subpoenas to Verizon and Google be quashed as to the Document Requests objected to above in response to Defendant's June 6, 2024 Subpoena to Non-Parties Verizon and Google, LLC;

C.    Because of Defendant's willful disregard of the Federal Rules of Civil Procedure, Order that Defendant Donegal pay for the costs of filing this Motion, and all other costs and expenses associated with the filing of this Motion by all counsel; and

D.    Order such other and further relief as the nature of this cause may require.

Dated: July 3, 2024

Respectfully Submitted,

*/s/ Robert B. Schulman, Esq.*
Robert B. Schulman, Fed. Bar No. 00068
RBS@shg-legal.com
Leslie D. Hershfield, Fed Bar No. 08255
lhershfield@shg-legal.com
Schulman, Hershfield & Gilden, P.A.
One East Pratt Street, Suite 904
Baltimore, Maryland 21202
P: 410/332-0850
F: 410/332-0866
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of July, 2024, a true and correct copy of the aforegoing has been sent, via the CM/ECF efiling system, and via First-Class U.S. Mail, to:

William Carlos Parler, Jr., Esq.
The Law Offices of William C. Parler, Jr., LLC
311 Gailridge Road
Timonium, Maryland 21093
w.parler@parlerlaw.com
*Counsel for Defendant Donegal Mutual Insurance Company*

*/s/ Robert B. Schulman, Esq.*

15