IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL'S FABRICS, LLC,
    *Plaintiff*,

v.

DONEGAL MUTUAL INSURANCE CO.,
    *Defendant*

Civil Action No. 24-cv-1585-JRR

**MEMORANDUM OPINION AND ORDER**

Plaintiff Michael's Fabrics, LLC, which does business as A Fabric Place, *see, e.g.*, ECF No. 14-2 at 2, suffered a flood on January 21, 2023, which Plaintiff alleges caused substantial damage to certain of Plaintiff's fabric inventory. *See, e.g.*, Compl., ECF No. 1, ¶ 8. The allegedly damaged fabrics were obtained from three suppliers, Gammatex Co. Ltd. ("Gammatex"), Berenstein Textiles ("Berenstein"), and Tip Top Super Fine Fabrics ("Tip Top").

Plaintiff held a property insurance policy through Donegal Mutual Insurance Company ("Donegal"). Compl. ¶ 3 & ECF No. 1-3 (policy). Plaintiff asserted a claim to Donegal, seeking coverage of Plaintiff's alleged losses of $433,135 worth of fabrics. Donegal denied the claim on two grounds. ECF No. 1-14 (January 19, 2024 denial letter); *see also* Compl. ¶ 41. First, Donegal contended that Plaintiff had violated the "Concealment, Misrepresentation or Fraud" provision of the insurance policy. ECF No. 1-14 at 2.[1] Specifically, Donegal contends that two of the invoices supporting Plaintiff's claim, both from supplier Tip Top, "were back-dated to dates just prior to the water loss, and listed a large volume of expensive fabric that had not been previously ordered by the plaintiff." ECF No. 14 at 1-2. *See also* ECF No. 1-14 at 5 (denial

---

[1] Page numbers refer to the number appearing in the CM/ECF header for this and the other filings referenced herein.

letter, stating this basis for denial as that Donegal's "investigation supports that documentation was altered post loss to align the presentation of the claim with our questions about the invoices"). Second, Donegal took the position that, regardless, it was entitled to deny the claim because Plaintiff had "failed to produce documents requested by Donegal in conjunction with its investigation of the claim," an alleged failure that Donegal contends also constituted an independent "breach of the insurance contract." ECF No. 1-14 at 2.

Plaintiff initially filed a complaint with the Maryland Insurance Administration ("MIA"), challenging Donegal's denial. The MIA dismissed that complaint, because the dispute involved a commercial insurance policy "where the policy limits exceed $1,000,000." ECF No. 1-15 (citing Md. Code Ann., Cts & Jud. Proc. § 3-1701). Plaintiff then filed this case in June 2024, alleging that Donegal's denial of the claim breached the insurance policy (count 1), and that Donegal's handling of the claim, including Donegal's "demand[s] that Plaintiff produce documents wholly unrelated to the claims of Plaintiff," constituted bad faith in violation of Md. Code Ann., Ins. § 27-1001 (count 2).

As to Donegal's denial based on alleged "[c]oncealment, [m]isrepresentation or [f]raud," the dispute arises principally from correspondence between Plaintiff and supplier Tip Top, as noted above. Following Plaintiff's filing of the complaint in this case, and in an apparent effort to further investigate Plaintiff's correspondence with its suppliers in connection with Plaintiff's insurance claim, Donegal issued subpoenas to Google and Verizon. The subpoenas requested from Verizon "a complete copy of any and all records of all calls and texts from the cell phone of Lee Jonathon Miller," the owner of Michael's, "from January 01, 2023 to the present to and from his cell phone," and from Google "copies of all e-mails sent or received from or to [Lee Miller's email address] from January 1, 2023 to the present." ECF No. 13-3 at 5 (Verizon subpoena); 13-

2

6 at 5 (Google subpoena). In other words, as drafted, the subpoenas sought *all* of Mr. Miller's emails, phone calls and text messages—regardless of topic or sender/recipient—for the requested time period.

Google and Verizon have informed Donegal that they will only produce documents pursuant to the subpoenas if (a) ordered by the Court or (b) Mr. Miller expressly authorizes Google and Verizon to produce the requested records. ECF Nos. 14 at 6; 14-16. Mr. Miller declined to authorize production. Instead, Plaintiff filed a motion for a protective order or to quash, arguing that the subpoenas are overbroad and not proportional to the needs of the case. Mot., ECF No. 13 at 11-14. That motion was referred to me pursuant to 28 U.S.C. § 636 and Local Rules 301 and 302. *See* ECF No. 16. I held a hearing on the motion on August 9, 2024. ECF No. 19.

All discovery must be "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The proportionality requirement in Rule 26 "requires courts to consider, among other things, 'whether the burden or expense of the proposed discovery outweighs its likely benefit.'" *Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 188-89 (4th Cir. 2019) (quoting Fed. R. Civ. P. 26(b)(1)). "When discovery is sought from nonparties," as is the case here, "its scope must be limited even more," because the nonparties "are 'strangers' to the litigation." *Id.* at 189. Federal Rule of Civil Procedure 45 provides "[a] more demanding variant of the proportionality analysis" in this context, *id.*, "to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1).

In determining whether a subpoena must be modified or quashed to avoid undue burden, courts weigh various factors, including "the requesting party's need for" the information, whether the information "offer[s] some value over and above what the requesting party already

3

has," "what information is available to the requesting party from other sources," the financial cost to the nonparty, whether the subpoena "impose[s] a burden by invading privacy or confidentiality interests," and whether the subpoena is overbroad. *Jordan*, 921 F.3d at 189-90. As part of this analysis, "the requesting party should be able to explain why it cannot obtain the same information, or comparable information that would also satisfy its needs, from one of the parties to the litigation." *Id.* at 189.

The subpoenas Donegal issued to Verizon and Google are unquestionably overbroad. They are not reasonably temporally limited; although some period in 2023 would entail a reasonable scope, Donegal has not adequately explained why it needs records from January 2023 to the present—*i.e.* a year and a half after the alleged loss—for damages that occurred on January 21, 2023. They are also not reasonably limited in scope. The subpoenas seek all emails, call records and text messages from that period and are not limited to communications between Plaintiff and the three suppliers at issue, Gammatex, Berenstein and Tip Top. *See In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606, 612 (E.D. Va. 2008) (quashing an overbroad subpoena that was not reasonably limited in scope); *Bierman Fam. Farm, LLC v. United Farm Fam. Ins. Co.*, No. CV ADC-17-0004, 2017 WL 3311206, at *3 (D. Md. Aug. 2, 2017) (same). The parties attempted to agree on narrowing the subpoenas, but their efforts were unsuccessful. *See, e.g.*, ECF Nos. 13-2, 14-13 to 14-17 (communications between the parties).

Even if the parties had successfully solved the overbreadth problem, Donegal has not shown sufficient need for the information sought in the subpoenas, since it can and has received the same information not only from Plaintiffs, but also the three suppliers. *See Jordan*, 921 F.3d at 189 ("For example, a party's email provider might well possess emails that would be discoverable from the party herself. But unless the email provider can offer important

4

information that cannot be obtained from the party directly, there would be no cause for a subpoena against the provider."). It is clear from the parties' briefs and argument at the hearing that what Donegal seeks is all emails, text messages, and phone calls between Plaintiff, on one hand, and the three suppliers, regarding the January 2023 flood and the fabrics damaged on that day. Donegal already believes it has sufficient evidence of backdating, etc., to prove that Michael's engaged in "[c]oncealment, [m]isrepresentation or [f]raud" to have permitted Donegal to deny the claim. But it desires to confirm that it has received all communications between Michael's and the suppliers that may bear on that question and thus to defend against Plaintiff's breach-of-contract and bad-faith-denial claims.

That subject is clearly relevant to the claims and defenses in this case. But relevance is not the end of the analysis, particularly when it comes to third parties. Donegal issued extremely broad requests for production of documents to Plaintiff, both during pre-litigation examination, and in discovery, and Plaintiff has represented that it has produced all responsive documents in its possession. *See* ECF No. 13 at 7-8, 12.[2] At the hearing, Plaintiff also represented that Gammatex, Berenstein, and Tip Top have produced all communications in their possession between them and Plaintiff (including Mr. Miller) regarding the 2023 flood and the allegedly damaged fabrics. Nonetheless, Donegal seeks an order requiring additional third parties, Google

---

[2] Insofar as Donegal contends that Plaintiff's redactions to the email correspondence that comprises Exhibit 11 to Donegal's response to Plaintiff's motion were improper, and that those redactions have resulted in withholding of relevant and non-privileged information, the Court will grant Donegal's request for an *in camera* review, as explained below. Moreover, Plaintiff has an ongoing obligation to supplement its prior document productions. *See* Fed. R. Civ. P. 26(e). Thus, if Plaintiff has had additional communications with the three suppliers that relate to the damaged fabrics, the contested invoices, the flood, or other subjects relevant to the claims or defenses in the case, Plaintiff has a continuing obligation to produce those communications.

and Verizon, to collect and produce these same communications as well as clearly irrelevant additional materials.

The Court concludes that Donegal's "need for" the information from these nonparties, *Jordan*, 921 F.3d at 189, is low to non-existent. Having sought communications from both sides of each of the communications that Donegal contends constitutes evidence of Plaintiff's alleged fraud, and with Plaintiff and the suppliers having represented that they have produced all such communications in their possession, custody and control, Donegal simply has not shown that the factors the Fourth Circuit has instructed courts to consider, *see id.* at 189-90, weigh in favor of imposing on Google and Verizon the burden that these subpoenas would entail. *Id.* at 189 ("[T]he requesting party should be able to explain why it cannot obtain the same information, or comparable information that would also satisfy its needs, from one of the parties to the litigation."); *see also id.* at 190 ("A nonparty should not have to do the work of tailoring a subpoena to what the requesting party needs; the requesting party should have done that before serving it."); *Garcia v. Quevedo*, No. 2:20-CV-01960-DCN, 2022 WL 1037090, at *3 (D.S.C. Apr. 6, 2022) ("To the extent the subpoenaed documents, or their substantial equivalent, have already been produced, the court finds the duplicative request on a nonparty who has no substantive role in this litigation to be unduly burdensome and not proportional to the needs of this case."); *Sherrill v. DIO Transp., Inc.*, 317 F.R.D. 609, 615 (D.S.C. 2016) ("If documents are available from a party, it has been thought preferable to have them obtained pursuant to Rule 34 rather than subpoenaing them from a nonparty witness.") (quoting 8A Charles Alan Wright, et al., *Federal Practice and Procedure* § 2204 at 365 (2nd ed. 1994)). For these reasons, the Court will quash the subpoenas.

As noted above, however, Donegal also takes issue with redactions Plaintiff made to some of the communications that it provided to Donegal. Plaintiff is directed to submit to the Court for *in camera* review unredacted versions of the redacted communications in Donegal's Exhibit 11 to its response. ECF No. 14-11. The Court will determine whether the redacted portions are in fact protected by the attorney-client privilege or work product doctrine and rule accordingly.

Upon consideration of the motion to quash (ECF No. 13) and the response and reply (ECF Nos. 14 & 15), and after a hearing on the motion, it is ORDERED that the motion is GRANTED and the subpoenas issued to Verizon and Google are QUASHED.

It is further ORDERED that Plaintiff shall produce to the Court for *in camera* review, unredacted versions of the redacted emails in Exhibit 11 to Defendant's brief within 7 days of this order.

It is further ORDERED that upon consideration of the joint motion for an extension of the discovery period (ECF No. 21), the motion is GRANTED and the current discovery deadline of October 15, 2024, is extended to December 16, 2024.[3]

Date: August 16, 2024

                                                               */s/*
                                                          Adam B. Abelson
                                                          United States Magistrate Judge

---

[3] The parties stated in the motion that they "do not request any other scheduling deadline be extended." ECF No. 21 at 2. Thus, the current dispositive motion deadline of November 14, 2024 remains in effect.