UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL'S FABRICS, LLC, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. JRR-24-1585 |
| DONEGAL MUTUAL INSURANCE CO., | * | |
| Defendant. | * | |

**MEMORANDUM ORDER**

Plaintiff Michael's Fabrics, LLC (Michael's Fabrics) filed suit in the Circuit Court for Baltimore County on May 6, 2024, asserting breach of contract and a related state law claim against Defendant Donegal Mutual Insurance Co. (Donegal). ECF Nos. 1-3, 3. On June 3, 2024, Donegal removed the case to this Court on the basis of diversity jurisdiction. ECF No. 1. On July 25, 2024, the Honorable Julie R. Rubin referred this case to a United States Magistrate Judge for discovery and all related scheduling pursuant to 28 U.S.C. § 636. ECF No. 16. Initially assigned to the Honorable Adam B. Abelson, this referral was subsequently reassigned to the undersigned on September 20, 2024. Pending before the Court is Michael's Fabrics's petition for attorney's fees and costs (ECF No. 77), which is fully briefed (ECF Nos. 86–87). No hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons set forth below, the petition is denied.

On October 9, 2024, Michael's Fabrics moved to strike Donegal's supplemental expert designation. ECF No. 58. In this motion, Michael's Fabrics asked that the Court order Donegal to pay the attorney's fees and costs associated with the motion to strike. *Id.* at 7; *see also* ECF No. 62 at 3.[1] Donegal elected not to respond to this request in its opposition. ECF No. 59. On

---

[1] Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files system printed at the top of the cited document.

November 12, 2024, the undersigned held two conferences with counsel to discuss the issues presented in the motion to strike.  ECF Nos. 69–70.  During the first conference, the undersigned invited argument from Donegal regarding the issue of fees and costs, but Donegal declined to present a particularized argument against an award of fees and costs.  Following the conferences, on November 15, 2024, the undersigned ordered that "Defendant shall pay Plaintiff reasonable attorney's fees and costs associated with its late and incomplete disclosure of Mr. Belack as an expert in this case, including costs associated with the motion to strike and deposition of Mr. Belack."  ECF No. 71.  Donegal did not seek reconsideration or appeal that ruling.  Now, in its opposition to Michael's Fabrics's petition, Donegal focuses on substantive challenges to the Court's ruling on the issue of attorney's fees.  ECF No. 86.  These arguments are untimely.  The undersigned declines to revisit the ruling memorialized in the November 15, 2024 Order.

The only issue before the Court is the amount of reasonable fees and costs.  In making this assessment, the Court must first determine the lodestar amount, that is, the reasonable hourly rate multiplied by reasonable hours expended.  *Robinson* v. *Equifax Info. Servs., LLC*, 560 F.3d 235, 244 (4th Cir. 2009).  Reasonableness is assessed using the factors set forth in *Johnson* v. *Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974).  *Barber* v. *Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978) (adopting the *Johnson* factors).  This analysis applies regardless of the complexity of the requested fee award.  *See* ECF No. 87 at 2.

As Donegal correctly notes (ECF No. 86 at 13), "the burden rests with the fee applicant to establish the reasonableness of the requested rate."  *Grissom* v. *The Mills Corp.*, 549 F.3d 313, 321 (4th Cir. 2008) (quoting *Plyler* v. *Evatt*, 902 F.2d 273, 277 (4th Cir. 1990)).  "In addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which [counsel] seeks an award."  *Robinson*, 560 F.3d at 244 (emphasis removed) (quoting *Plyler*, 902 F.2d at 277).

2

"Satisfactory specific evidence" typically includes "affidavits of other local lawyers who are familiar both with the skills of the fee applicants and more generally with the type of work in the relevant community." *Robinson*, 560 F.3d at 245.

Here, Michael's Fabrics seeks an award of $16,724.02, payable from both Donegal and defense counsel. ECF No. 77 at 3. The fee petition, however, is devoid of key information required by governing law and this Court's Local Rules. In addition to the affidavits and "satisfactory specific evidence" discussed above, Local Rule 109.2(b) requires that any motion for attorney's fees must be supported by, among other things, "a detailed description of the work performed broken down by hours or fractions thereof expended on each task, the attorney's customary fee for such like work, the customary fee for like work prevailing in the attorney's community, [and] a listing of any expenditures for which reimbursement is sought."

The initial petition includes only a high-level chart that summarizes work completed in connection with the motion to strike and expert deposition and an assertion that counsel's hourly rate is $600. ECF No. 77 at 2. The filing is supported only by an exhibit that purports to be an excerpt of a LexisNexis billing chart. ECF No. 77-2. In opposition, Donegal argues that the petition should be denied because, among other things, Michael's Fabrics "has offered no admissible evidence to demonstrate that either [the] $600 hourly rate was a reasonable hourly rate for a case of this nature in the Baltimore legal community, or that the hours spent on legal research and drafting a motion to strike . . . are reasonable." ECF No. 86 at 15. Even with the benefit of this argument, Michael's Fabrics's reply includes no affidavits, declarations, or other evidence, offering instead brief, unsupported assertions regarding counsel's experience and a cursory discussion of the *Johnson* factors. ECF No. 87 at 3, 5.

The undersigned does not have adequate information to evaluate the fee request and Michael's Fabrics has therefore not carried its burden to establish the reasonableness of the

requested fee award. *E.g.*, *McNulty* v. *Casero*, Civil Action No. SAG-16-2426, 2020 WL 3451980, at *5 (D. Md. June 24, 2020) (denying a fee award where the Court could not assess whether the hours expended on each task were reasonable based on the information provided); *Pacific Capro Indus.* v. *Glob. Advantage Distribution Warehouse, LLC*, No. 4:08-CV-4155-RBH, 2011 WL 13318608, at *3 (D.S.C. Jan. 20, 2011) (denying a fee award where the party did not submit an affidavit by counsel with itemized time and expenses or affidavits of other attorneys in the community regarding prevailing hourly rates). Moreover, as in *McNulty*, the requested hourly rate ($600) "falls well outside of the presumptively reasonable ranges provided in this Court's Local Rules," and counsel "failed to 'produce satisfactory specific evidence of the prevailing market rates' in the[ ] legal community to justify the claimed rates." *McNulty*, 2020 WL 3451980, at *5 (citing Local Rule App'x B.3; *Plyler*, 902 F.2d at 277).

In its opposition, Donegal notes that following issuance of the November 15, 2024 Order, Donegal paid $1,669.50, which is the total amount paid for Mr. Belack's time during the deposition noticed by Michael's Fabrics ($1,207.50) and the associated transcript ($462.00). ECF No. 86. These costs would ordinarily be paid by the party noticing the deposition (Michael's Fabrics), but they have instead been borne by Donegal. Local Rule 104.11(a) ("Unless otherwise ordered by the Court, any reasonable fee charged by an expert for the time spent in a discovery deposition and in traveling to and from the deposition shall be paid by the party taking the deposition.").

In light of the foregoing, it is hereby ORDERED that petition for attorney's fees and costs (ECF No. 77) is DENIED.

Date: February 6, 2025                                  /s/
                                                        Erin Aslan
                                                        United States Magistrate Judge