**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

MICHAEL'S FABRICS, LLC,

       *Plaintiff*,

    v.

DONEGAL MUTUAL INSURANCE
COMPANY,

       *Defendant*.

Civil No.: 1:24-cv-01585-JRR

## MEMORANDUM OPINION

Pending before the court are Plaintiff Michael's Fabrics, LLC's Motion for Partial Summary Judgment on Count I of the Complaint as to Liability at ECF No. 24 ("Plaintiff's Motion"), and Defendant Donegal Mutual Insurance Company's Cross-Motion for Summary Judgment with Regard to Count II of the Plaintiff's Complaint at ECF No. 38 ("Defendant's Motion"). The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons that follow, by accompanying order, Plaintiff's Motion will be denied, and Defendant's Motion will be denied as moot.

## I.    FACTUAL BACKGROUND

Except where noted, the following facts are undisputed.

Plaintiff operates a business at 6324 Falls Road in Baltimore, Maryland, that buys and sells high-end fabrics. (Miller Aff., ECF No. 24-6 ¶¶ 3–4.) Lee Jonathan Miller is Plaintiff's owner and operator. *Id.* ¶ 2. This action arises from an insurance policy between Defendant (the insurer) and Plaintiff (the insured) for Plaintiff's business premises. (ECF No. 3-1; the "Policy.") Relevant here, the Policy covered the period from December 16, 2022, to December 16, 2023. *Id.* at p. 1.

Under the Policy, Plaintiff paid an annual premium of $4,765.00, $3,364.00 of which constituted the premium for replacement cost of property coverage. *Id.* at p. 6–7.

According to Defendant, Policy's Businessowners Commons Policy Conditions provides:

> C. Concealment, Misrepresentation Or Fraud
> This policy is void in any case of fraud by you as it relates to this policy at any time. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning:
>
> 1. This policy;
> 2. The Covered Property;
> 3. Your Interest in the Covered Property; or
> 4. A claim under this policy

(ECF No. 38 at p. 14.)  The court was unable to locate the specific language in the attached Policy as Defendant failed to provide any specific page number.  In any event, the "Businessowners Commons Policy Conditions" are referenced as a Policy form (ECF No. 3-1 at 16) and Plaintiff does not appear to dispute that the provision exists.  (ECF No. 45-1.)

Following water damage to its inventory of fabrics on or about January 21, 2023, Plaintiff submitted a claim to Defendant under the Policy.  *Id.* at p. 1.  It is unclear whether the cause of the water damage is disputed, but Plaintiff alleges that it resulted from a heating and cooling company employee leaving a water faucet on while the water was turned off for construction.  (ECF No. 24-1 at p. 3.)  During its investigation of the claim, Defendant retained the services of Kenneth Rizer of Nardone & Company to inspect the loss.[1]  (Nardone & Company Report, ECF No. 38-1 at p. 1.)

---

[1] Plaintiff seemingly challenges Defendant's reliance on Rizer's report under *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) principles.  Plaintiff's challenge is misplaced as the court does not consider the report as that of an expert.  Rather, the report appears to be offered as evidence in support of Defendant's underlying investigation.  Stated differently, Rizer was not disclosed as an expert in this action.  Moreover, Plaintiff's challenge is premature, because, as of the date Defendant filed its Motion, Defendant's Rule 26(a)(2) disclosure was not yet due.  (ECF No. 11.)  Therefore, the court denies Plaintiff's challenge as unripe and without prejudice.

As a result of the inspection, the parties agreed that the loss of damaged fabric totaled 210 bolts, amounting to 6,697 yards. *Id.* at p. 3. On January 19, 2024, Defendant denied Plaintiff's claims citing the following reasons:

> Michael's has failed to produce documents requested by Donegal in conjunction with its investigation of the claim. This includes a request that redacted documents, including, but not limited to, the April 17, 2023 e-mail from Tip Top Fabrics to Mr. Miller be produced in an unredacted state. The failure to produce requested documents is a breach of the insurance contract. The redaction of the April 17, 2023 e-mail and other documents on the grounds that your firm's staff members affixed their names and e-mail addresses to the redacted areas fails to explain why the unredacted document cannot simply be reprinted by Mr. Miller and produced in an unredacted state. Donegal must also deny coverage for the claimed water damage to Michael's business personal property under Donegal Policy No. BSD8959692 due to Michael's violation of the Businessowners Common Policy Conditions rendering the policy void in the event of "Concealment, Misrepresentation or Fraud" in the presentation of a claim.

(Denial Letter, ECF No. 38-11 at pp. 1–2) (citations omitted)).

Plaintiff's claims (and the related disputes in this action) arise from events that occurred and actions undertaken during and after Defendant's investigation of the claim. With evidence to support its assertion, Plaintiff contends that it has "fully cooperated" with Defendant's "limitless investigation" by producing all the documents requested, "no matter how irrelevant." (ECF No. 24-1 at p. 8.) As such, Plaintiff argues that Defendant breached the terms of the Policy "by wrongfully denying liability for [Plaintiff's] claim for the fabric damaged by the water . . . on January 21, 2023." *Id.* at pp. 11–12.

Defendant's position is, expectedly, different. Defendant contends that through its investigation of Plaintiff's insurance claim, it came upon evidence that Plaintiff fraudulently submitted its claim under the Policy. (ECF No. 38 at p. 12–13, 17–18.) The evidence, attached to Defendant's opposition, includes altered invoices and communications between Miller and a fabric

3

supplier, Tip Top, regarding solicitation of invoices. *Id.* at pp. 6–10. Defendant also claims Plaintiff failed to provide additional documents as it investigated the purported fraud. *Id.* at pp. 12–13. In addition to learning that certain invoices were incorrect, Rizer reported that the two invoices at issue included amounts that "[fell] completely out of the buying practices and habits of [Plaintiff] over the two-year period." (ECF No. 38-1 at p. 5.) The different dates on the submitted invoices are also material in that they were first dated as though issued following the damage and were later dated as though issued prior to the damage. (ECF Nos. 5, 6.)

## II.    PROCEDURAL BACKGROUND

Plaintiff filed suit against Defendant in the Circuit Court for Baltimore County, Maryland, on May 6, 2024. (ECF No. 1-2.) On June 3, 2024, Defendant removed the action to this court. (ECF No. 1.) Plaintiff's Complaint asserts claims of Breach of Contract (Count I) and Bad Faith in violation of Section 3-1701 of the Courts and Judicial Proceedings ("CJP § 3-1701") of the Maryland Code (Count II). While discovery was still ongoing, Plaintiff filed its Motion. Defendant responded in opposition to Plaintiff's Motion and filed its Motion. (ECF No. 38.)

After the close of discovery, and the parties' completion of briefing on the instant Motions, Defendant filed a second motion for summary judgment, seeking summary judgment on all claims, and reasserting its arguments raised in the instant Motion at ECF No. 38. (ECF No. 74.) In opposing Defendant's subsequent motion for summary judgment at ECF No. 74, Plaintiff at once incorporates by reference its previous briefing on the instant Motions and argues as to Count I that fraud is "a question for the trier of fact and is not appropriate for resolution of summary judgment." (ECF No. 88 at p. 18.)

III.    **LEGAL STANDARD**

Federal Rule of Civil Procedure 56 provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  A material fact is one that "might affect the outcome of the suit under the governing law." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

When considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Id*. at 249.  Trial courts in the Fourth Circuit have an "affirmative obligation . . . to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)).  A "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala,* 166 F. Supp. 2d 373, 375 (D. Md. 2001) (citations omitted); *see Robinson v. Priority Auto. Huntersville, Inc.*, 70 F.4th 776, 780 (4th Cir. 2023) (providing that "plaintiffs need to present more than their own unsupported speculation and conclusory allegations to survive").

In undertaking this inquiry, the court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party.  *Libertarian Party of Va.*, 718 F.3d at 312; *see also Scott v. Harris*, 550 U.S. 372, 378 (2007).  The court "must not weigh evidence or make credibility determinations." *Foster v. Univ. of Md.-Eastern Shore*, 787 F.3d 243, 248 (4th Cir. 2015) (citing *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007)); *see also*

*Jacobs v. N.C. Adin. Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015) (explaining that the trial court may not make credibility determinations at the summary judgment stage). Indeed, it is the function of the factfinder to resolve factual disputes, including issues of witness credibility. *Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014).

"When faced with cross-motions for summary judgment, the court must review each motion separately on its own merits to determine whether either of the parties deserves judgment as a matter of law." *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003) (citations omitted). In so doing, "the court must take care to resolve all factual disputes and any competing, rational inferences in the light most favorable to the party opposing that motion." *Id.* (citations omitted); *see Doe v. Morgan State Univ.*, 544 F. Supp. 3d 563, 574 (D. Md. 2021) (same).

# I.  ANALYSIS

## A. Plaintiff's Motion

Plaintiff argues it is entitled to summary judgment as to Count I because it has pled and proven by undisputed evidence that Defendant breached its obligation under the Policy to reimburse Plaintiff for the cost of the damaged fabric. (ECF No. 24-1 at p. 11.) Defendant argues there is a genuine dispute of material fact as to whether the Policy, and thus Defendant's obligations, were rendered void based upon asserted evidence of fraud and non-compliance unearthed in the investigation by Plaintiff. (ECF No. 38 at p. 14–23.)

"Maryland law is well settled that 'the interpretation of an insurance policy is governed by the same principles generally applicable to the construction of other contracts.'"[2] *Bethany*

---

[2] "A federal court sitting in diversity is required to apply the substantive law of the forum state . . . ." *Francis v. Allstate Ins.*, 709 F.3d 362, 369 (4th Cir. 2013) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 79 (1938)). Maryland law recognizes the doctrine of *lex loci contractus*, meaning courts apply the law of the jurisdiction where the contract was made, unless the parties agree otherwise. *See Cunningham v. Feinberg*, 441 Md. 310, 326 (2015); *Erie Ins. Exch. v. Heffernan*, 399 Md. 598, 618 (2007). Here, the parties agree that Maryland law operates. (ECF No. 24-1 at p. 1; ECF No. 38 at p. 14.)

*Boardwalk Grp. LLC v. Everest Sec. Ins. Co.*, 611 F. Supp. 3d 41, 50–51 (D. Md. 2020) (quoting *Mitchell v. AARP*, 140 Md. App. 102, 116 (2001)); *see Matter of Featherfall Restoration LLC*, 261 Md. App. 105, 129–30, *cert. granted,* 487 Md. 264 (2024) ("Generally, Maryland courts 'interpret the language of an insurance policy with the same principles and rules of construction that we use to interpret other contracts.'" (quoting *Connors v. Gov't Employees Ins. Co.*, 442 Md. 466, 480 (2015)).

"Under Maryland law, the elements of a claim for breach of contract are contractual obligation, breach, and damages." *Kantsevoy v. LumenR LLC*, 301 F. Supp. 3d 577, 596 (D. Md. 2018). "To 'prevail on an action for breach of contract, a plaintiff must prove that the defendant owed the plaintiff a contractual obligation and that the defendant breached that obligation.'" *Id.* (quoting *Taylor v. NationsBank, N.A.*, 365 Md. 166, 175 (2001)). "In other words, '[i]t is the parties' agreement that ultimately determines whether there has been a breach.'" *Id.* (quoting *Mathis v. Hargrove*, 166 Md. App. 286, 318–19 (2005)).

Because Defendant offers admissible evidence in support of its defense that Plaintiff perpetrated an insurance claim fraud in connection with the coverage dispute on which Plaintiff bases its breach of contract claim, there is a genuine dispute of material fact rendering summary judgment (in favor of either party) inappropriate as to the breach of contract claim.[3]  Indeed, Plaintiff's subsequent filing appears to concede this point, arguing that Defendant's allegation is a question for the trier of fact and not appropriate for resolution by summary judgment.  (ECF No. 88 at p. 18.)  *See Foster*, 787 F.3d at 248, *supra*; *Anderson*, 477 U.S. at 249, *supra*.

Plaintiff's Motion will therefore be denied.

---

[3] Compounding the issue, because Plaintiff filed its Motion while discovery was ongoing, Defendant offers seemingly new evidence in its reply memorandum to which Plaintiff could not, without leave if court, respond.  (ECF No. 49.) No such leave of court was requested.

### A. Defendant's Motion

Defendant's Motion seeks summary judgment as to Count II based upon its argument that it has no basis in law. (ECF No. 38 at p. 23–24.) Plaintiff's opposition to Defendant's Motion fairly rested on a claim that additional discovery was needed at that time. (ECF No. 45-1 at p. 14–16.) After the close of discovery, Defendant filed its second motion for summary judgment, which seeks summary judgment on both Counts I and II, and, relevant here, reasserts its argument (in greater depth) as to Count II originally contained in the Motion at ECF No. 38. (ECF No. 74.) In sum, Defendant has reasserted its Count II argument, and done so in greater detail by way of the motion at ECF No. 74, and Plaintiff's discovery-needs-based opposition to the Motion at ECF No. 38 is rendered obsolete by the close of discovery. In view of this and to avoid the resultant and obvious judicial inefficiency in ruling on the merits of the Motion at ECF No. 38 in view of the motion at ECF No. 74, the court will deny as moot Defendant's instant Motion (ECF No. 38). The court will address Defendant's arguments as to Count II (and Count I), as well as Plaintiff's more substantive response as aided by discovery, when it rules on the motion at ECF No. 74.

### II.    **<u>CONCLUSION</u>**

For the reasons set forth herein, by separate order, the Plaintiff's Motion will be denied without prejudice, and Defendant's Motion will be denied as moot. The court's ruling is without effect on the pending dispositive motion, and opposition thereto, which will be ruled on in due course.

March 11, 2025                                         /s/

                                                      Julie R. Rubin
                                                      United States District Judge