IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL'S FABRICS, LLC, | * | |
| *Plaintiff*, | * | |
| v. | * | Case No. 1-24-cv-01585 |
| DONEGAL MUT. INS. CO., | * | |
| *Defendant*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## CORRECTED MEMORANDUM OPINION AND ORDER[1]

Pending before the court is Plaintiff's Rule 72 Objections and Motion to Vacate the Magistrate Judge's Discovery Order. (ECF No. 94.) The court has reviewed the parties' submissions, as well as the relevant discovery-related record of this case, including Judge Aslan's Memorandum Order at ECF No. 89. No hearing is necessary. Local Rule 105.6 (D. Md. 2023).

### I.     BACKGROUND

A discovery dispute arose between the parties regarding Defendant's untimely and incomplete disclosure of a supplemental expert witness (Mr. Belack), which included Plaintiff's motion to strike Mr. Belack's designation. United States Magistrate Judge Erin Aslan conducted two conferences to try to resolve the dispute, and ultimately ordered that Defendant pay Plaintiff reasonable attorney's fees and costs related to the discovery dispute – including those associated with the motion to strike and deposition of the late-noticed expert. In furtherance of Judge Aslan's order, Plaintiff submitted its fee petition, which Judge Aslan found "devoid of key

---

[1] Pursuant to Federal Rule of Civil Procedure 60, this Corrected Memorandum Opinion and Order is to correct a typographical/clerical error. Therefore, the Memorandum Opinion and Order at ECF No. 107 is VACATED.

information" to substantiate its request for an award of $16,724.02 (payable from both Defendant and its counsel). (ECF No. 89 at p. 3.) Specifically, Judge Aslan noted that the petition failed to comply with Local Rule 109.2(b) because Plaintiff failed to provide "a detailed description of the work performed broken down by hours or fractions thereof expended on each task, the attorney's customary fee for such like work, the customary fee for like work prevailing in the attorney's community, [and] a listing of any expenditures for which reimbursement is sought." Moreover, Plaintiff's counsel submitted no affidavit or declaration (in its opening brief or in its reply following Defendant's opposition specifically on this point) to attest to the reasonableness of counsel's rate and time spent. Finally, in view of what she found was a paltry submission, Judge Aslan concluded she was unable to carry out a proper evaluation and, as such, concluded that Plaintiff did not carry its burden on the fee petition. Plaintiff objects to Judge Aslan's ruling and asks this court to vacate it.

## II.     STANDARD OF REVIEW

Under Rule 72(a) of the Federal Rules of Civil Procedure, a "pretrial matter not dispositive of a party's claim or defense" may be referred to a magistrate judge for resolution. FED. R. CIV. P. 72. *See* 28 U.S.C. § 636(b)(1)(A); Local Rule 301.5(a). When reviewing a magistrate judge's findings, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party opposes the magistrate judge's order, the district court shall "consider timely objections and modify or set aside any portion of the order that is clearly erroneous or contrary to law." FED. R. CIV. P. 72(a). "The clearly erroneous standard applies to factual findings, while legal conclusions will be rejected if they are contrary to law." *Stone v. Trump*, 356 F. Supp. 3d 505, 511 (D. Md. 2018) (citations omitted).

"Under the 'contrary to law' standard, 'the critical inquiry is whether there is legal authority that supports the magistrate's conclusion.'" *Id*. An order is contrary to law if it "'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Sandoval v. Starwest Servs., LLC*, 17-01053, 2018 WL 2426269, at *1 (E.D. Va. Feb. 16, 2018) (*DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006)). The clearly erroneous standard does not permit the reviewing court to ask whether the magistrate judge's ruling "is the best or only conclusion permissible based on the evidence" or to "substitute its own conclusions for that of the magistrate judge." *Huggins v. Prince George's Cty.*, 750 F. Supp. 2d 549, 559 (D. Md. 2010).

Instead, a "finding is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Butts v. United States*, 930 F.3d 234, 238 (4th Cir. 2019) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985)). A magistrate judge's resolution of a discovery dispute is typically accorded substantial deference. *Stone*, 356 F. Supp. 3d at 511; *In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 470 n.5 (E.D. Va. 2010) (collecting cases). "Indeed, the fact-specific character of most discovery disputes and the discretionary standard for resolution of discovery disputes under the Federal Rules suggest that magistrate judges ordinarily have ample discretionary latitude in disposition of those matters." *In re Outsidewall Tire Litig.*, 267 F.R.D. at 470.

III. ANALYSIS

Plaintiff asserts that Judge Aslan wrongly considered a case involving an award of attorney's fees for a trial team following trial on a Fair Credit Reporting Act claim, because, here, "there is no team of attorneys." (ECF No. 94-1 at p. 11.) Plaintiff further urges that Judge Aslan failed to consider "that Plaintiff was successful on all motions related to" Mr. Belack. *Id*.

Additionally Plaintiff contends that Judge Aslan "should not have required" a lodestar analysis, because "[t]he lodestar analysis does not always apply to the grant or denial of reasonable attorney fees in the Fourth Circuit." *Id.* at 12. Next, Plaintiff argues that Judge Aslan generally erred because "she was presented with all of the information, including: the detailed billing of the 1 attorney who worked on this matter, the personal knowledge of the amount of time spent at the hearing, the agreement of the parties as to the length of the deposition, and the review of . . . motions . . . ." *Id.* at 13. Plaintiff further takes issue with Judge Aslan's finding that "a high-level chart" of attorney time and services, coupled with what "purports to be an excerpt of a LexisNexis billing chart" for research, was inadequate to carry Plaintiff's burden.

In many regards, it appears to the court that Plaintiff relies on Judge Aslan's participation in the case as a substitute for meeting its burden on the fee petition – urging that "the Magistrate Judge participated in the hearings . . ." and that she had "knowledge" of attorney time spent, and so it was wrong of her to deny the petition. (ECF No. 94-1 at p. 13, 17.) Addressing its failure to submit evidence of the reasonableness of the rate and time spent, Plaintiff, again, avers that Judge Aslan should have "supplemented" the record for Plaintiff by tapping into her "own knowledge of the market." *Id.* at 17. The cases Plaintiff cites for this proposition entitle, but do not require, a judge to do so. A party who neglects to provide such information, therefore, does so at its own peril.

IV.    **CONCLUSION**

Affording Judge Aslan the substantial deference to which she is entitled, and having reviewed the record as set forth above, the court concludes Judge Aslan's factual findings were not clearly erroneous, and her legal conclusions were not contrary to law. This court, therefore,

overrules Plaintiff's objections (ECF No. 94), denies its motion to vacate (ECF No. 94), and accepts and affirms the Memorandum Order at ECF No. 89.

It is so **ORDERED**.

/s/<br>Julie R. Rubin<br>United States District Court Judge

April 3, 2025